IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA HERRERA, INDIVIDUALLY, ON BEHALF OF THE ESTATE OF MARCOS RIOS, DECEASED, AS NEXT FRIEND OF MARIA DOLORES RIOS, NON COMPOS MENTIS, WRONGFUL DEATH BENEFICIARY OF MARCOS RIOS, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF MARCOS RIOS, DECEASED, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>PFIZER INC., <br><br>　　　　　Defendant. | CIVIL ACTION NO. H-07-3014 <br><br>JURY REQUESTED <br><br>*Pending Transfer to MDL-1699* <br>(*In re Bextra and Celebrex Marketing, Sales Practices and Prods. Liab. Litig.*) |

## DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL

TO:   The United States District Court for the Southern District of Texas, Houston Division.

NOW COMES Pfizer Inc. (hereinafter referred to as "Pfizer"), Defendant in the above-styled cause, and files this Notice of Removal of said cause to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support thereof, Pfizer respectfully would show the Court as follows:

### I.

### Introduction

This is a pharmaceutical product liability case involving Celebrex®, an FDA-approved prescription medication marketed at times by Pfizer. On August 8, 2007, Plaintiff Maria Herrera ("Plaintiff"), individually and on behalf of the Estate of Decedent Marcos Rios ("Decedent"), and as next friend of alleged wrongful death beneficiary Maria Dolores Rios, filed this wrongful death and survival action against Pfizer in the 295th Judicial District Court of Harris County,

Texas, Cause No. 2007-48220, alleging Decedent suffered a fatal heart attack as a result of ingesting Celebrex®. *See* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at p. 3, ¶¶ 8-9 (attached as Exhibit 2(B)). Plaintiff maintains Pfizer is liable for her injuries under theories of strict liability, negligence, breach of express and implied warranties, negligent misrepresentation, and fraud. *See id.* at pp. 4-10. She seeks unlimited compensatory damages from Pfizer, as well as punitive damages to punish Pfizer for its purported "gross negligence/malice." *Id.* at pp. 10-13.

This action is one in which this Court has original subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Pfizer pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Copies of all process, pleadings, and orders filed in the state court are attached hereto.

The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated pretrial proceedings in personal injury actions relating to Bextra® and/or Celebrex® pursuant to 28 U.S.C. § 1407, and assigned the litigation to the Honorable Charles R. Breyer of the United States District Court for the Northern District of California (the "MDL Court"). *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Because Plaintiff alleges personal injuries from Celebrex®, this case will be subject to transfer to that court as a "tag-along action." *See id.* at 1377, n.1; RULES 1.1 & 7.4(A) OF RULES FOR MULTIDISTRICT LITIGATION UNDER 28 U.S.C. § 1407, 1999 F.R.D. 425 (J.P.M.L. 2001). Consequently, once this case is docketed, Pfizer will file a Motion to Stay all proceedings in this Court pending MDL transfer.

## II.

### Diversity of Citizenship

There is complete diversity of citizenship in this action. *See* 28 U.S.C. § 1332.

Plaintiff Maria Herrera is, and was at the time this suit was filed, a resident of Ector County and a citizen of the State of Texas. *See* PETITION at p. 1, ¶ 1. Further, upon information and belief, Decedent Marcos Rios was, at the time of his death, a resident and citizen of the State of Texas. Further, upon information and belief, Maria Dolores Rios, who is alleged to be *non compos mentis* and upon whose behalf Plaintiff purports to appear as "next friend," is, and was at the time this suit was filed, a resident and citizen of the State of Texas. Thus, Plaintiff is considered a Texas citizen in both her individual and representative capacities for purposes of determining federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2).

Defendant Pfizer Inc. was at the time this suit was filed, and is presently, a corporation organized under Delaware law with its principal place of business in New York. *See* PETITION at p. 2, ¶ 2. It therefore is considered a citizen of both Delaware and New York for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1).

## III.

### Amount in Controversy

The amount-in-controversy requirement of 28 U.S.C. § 1332(a) plainly is satisfied. Plaintiff alleges that, as a result of ingesting Celebrex®, Decedent died from a myocardial infarction. *See* PETITION at pp. 3, ¶¶ 8-9. She seeks unlimited compensatory damages including, *inter alia*, damages for physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment, loss of consortium, loss of household services, and continual medical care. *See, e.g., id.* at p. 4, ¶ 10. She also claims to be entitled to punitive damages for Pfizer's alleged "gross negligence/malice." *Id.* at p. 12, ¶ 6.

3

It is facially apparent from the petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (stating that where it is "facially apparent" from the state-court petition that the amount in controversy exceeds the jurisdictional minimum, then the removing defendant need only point such fact out to successfully bear its burden); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding that district court did not err in finding that personal injury claims exceeded $75,000 where the claimant alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); *Morrow v. Wyeth*, No. B-05-209, 2005 WL 2621555, *3 (S.D. Tex. Oct. 13, 2005) (unpublished) (concluding that amount-in-controversy was satisfied in pharmaceutical product liability case where plaintiff alleged "severe injuries," including "serious injuries to his central nervous system"); *Matney v. Wenger Corp.*, 957 F. Supp. 942, 943 (S.D. Tex. 1997) (holding that a products liability complaint asserting claims for personal injury, past and future medical expenses, mental anguish, and exemplary damages met the amount-in-controversy threshold).

## IV.

### Removal is Timely

Pfizer was first served with citation in this matter on August 28, 2007, less than 30 days before this Notice of Removal is being filed. Consequently, Pfizer's removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## V.

### Proper Court For Removal

The United States District Court for the Southern District of Texas, Houston Division, embraces Harris County, the county in which the state court action is now pending. *See* 28 U.S.C. § 124(b)(2). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## VI.

### Conclusion

Upon filing of this Notice of the removal of this cause, written notice of the filing is being given by Defendant to Plaintiff and counsel, and is being filed with the Clerk of the state court in which this cause was originally filed, as required by 28 U.S.C. § 1446(d). A copy of those notices with proof of service of them is attached hereto as Exhibits 2(E) and 2(F).

WHEREFORE, Pfizer hereby removes the above-styled action pending against it in the 295th Judicial District Court of Harris County, Texas, to this Honorable Court.

Respectfully submitted,

*/s/ Kenneth J. Ferguson*_____
Kenneth J. Ferguson
Attorney-in-charge
State Bar No. 06918100
Southern District I.D. No. 12703
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]
E-mail: kjf@ctw.com

*signed with permission by Leslie A. Benitez

5

**OF COUNSEL:**
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
E-mail: ah1@ctw.com
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**ATTORNEYS FOR DEFENDANT
PFIZER INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 18th day of September, 2007.

*<u>Via Certified Mail, Return Receipt Requested</u>*

Charles R. Houssiere, III
Monica C. Vaughan
HOUSSIERE, DURANT & HOUSSIERE, L.L.P.
1990 Post Oak Boulevard, Suite 800
Houston, Texas 77056-3812
*Attorneys for Plaintiff*

_____ /s/ Leslie A. Benitez _____